IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOROTHY D., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-3384-B-BK |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order* 3, this case was referred to the undersigned United States magistrate judge for pretrial management. The Court now considers *Plaintiff's Brief Appealing the Denial of Her Disability Claim*, Doc. 15, which, in the interest of judicial economy, is construed as a motion for summary judgment,[1] and *Defendant's Motion for Summary Judgment*, Doc. 16. As detailed here, Plaintiff's construed motion should be **GRANTED**, Defendant's motion should be **DENIED,** and the Commissioner's decision should be **REVERSED AND REMANDED** for further proceedings.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim for disability insurance benefits, disabled widow's benefits, and supplemental security income under Title II of the Social Security Act ("Act"). Plaintiff applied for benefits in April 2016, alleging that she had been disabled since May 2015 due to, *inter alia*, a learning disability and

---

[1] Plaintiff failed to comply with the Court's *Scheduling Order*, which directed the parties to submit cross-motions for summary judgment. *See* Doc. 13 at 1. *See also* ND Tex. L. Civ. R. 9.1 ("all parties to actions filed under 42 U.S.C. § 405(g) must file motions for summary judgment").

thyroid problems. Doc. 12-1 at 289. Plaintiff's claim was denied at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C. § 405(g). Doc. 12-1 at 22.

### B. Factual Background

Plaintiff was 54 years old on the date of the hearing before the administrative law judge ("ALJ"). *See* Doc. 12-1 at 44, 47. She has a high school education and past relevant work experience as a dog groomer and a janitor. Doc. 12-1 at 49, 58. Plaintiff stopped working in May 2015 because she was depressed and experienced numbness in her hands and legs. Doc. 12-1 at 51.

### C. The ALJ's Findings

In August 2017—less than one month before Plaintiff turned 55—the ALJ found that Plaintiff had the severe impairments of depression, obesity, right hip pain, hypothyroidism status post partial thyroidectomy, hypertension, and a cognitive/learning disorder. Doc. 12-1 at 19, 25. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work but with some non-exertional limitations. Doc. 12-1 at 30. Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform the duties required of a delivery driver, electronics worker, and mail clerk and, therefore, was not disabled within the meaning of the Act. Doc. 12-1 at 33-34. The Appeals Council subsequently denied Plaintiff's request for review. Doc. 12-1 at 11.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential five-step inquiry to determine whether a

claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the Regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; and (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curium) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Grid Rules, vocational expert testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's decision is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a

conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III. PARTIES' ARGUMENTS AND ANALYSIS

Plaintiff Argues that the ALJ erred by failing to consider her impairments under the oldest age category which, if applied, would result in a finding that she is disabled.[2] Defendant concedes that a borderline age situation existed and that the ALJ's use of the highest age category would have resulted in a decision that Plaintiff is disabled. Doc. 17 at 15-16. Defendant argues, however, that Plaintiff's claim nonetheless fails because: (1) the ALJ considered Plaintiff's age in addressing her date of birth, noting that she was closely approaching advanced age, citing to the borderline age regulations, and evaluating her vocational factors; (2) the ALJ relied on VE testimony to establish the availability of jobs given Plaintiff's limitations and therefore did not mechanically apply the Grid rules; (3) the ALJ's error in failing to explicitly analyze the borderline age situation was harmless because he accurately described Plaintiff's limitations to the VE; and (4) the Appeals Council directly addressed the borderline age situation and concluded that "the factors in the record do not support application of the higher age category." Doc. 17 at 16, 19-23.

When considering age as a vocational factor, a claimant is classified in one of three categories: (1) a younger person (18-49), (2) a person closely approaching advanced age (50-54), or (3) a person of advanced age (55 or older). 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e). Generally, an individual attains a given age on the day before her birthday. *Id*. § 404.2(c)(4).

---

[2] Because remand is required on this issue, the Court does not reach Plaintiff's remaining arguments.

However, a borderline age situation exists when the claimant's age is within a few days or a few months of the next higher age category, and the higher age category results in a decision of "disabled" instead of "not disabled." HALLEX I–2–2–42(C)(5), 2016 WL 1167001, at *1 (effective March 25, 2016). When a borderline age situation exists, the ALJ "must decide whether it is more appropriate to use the claimant's chronological age or the higher age category." Id.

"The classification of a person's age can be important because, in general, the higher the age category, the more lenient the standard for proving a disability." Manning v. Colvin, No. 3:13-cv-2178-D, 2014 WL 266417, at *3 (N.D. Tex. Jan. 24, 2014) (Fitzwater, C.J.) (citing Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *8). While the appellate court has not addressed the borderline age issue, district courts within this circuit generally "have rejected a *per se* requirement that the ALJ must always explain in his written decision whether he considered the borderline age issue, but they have held in cases ***where there is no explanation of the issue and there is an indication that the claimant might be considered disabled under a different guidelines rule, a remand is proper***." Jackson v. Colvin, 240 F. Supp. 3d 593, 601 (E.D. Tex. 2017) (emphasis added) (collecting cases)³.

Here, when the ALJ rendered her decision on August 25, 2017, Doc. 12-1 at 19, Plaintiff was less than one month away from turning 55 and automatically qualifying for benefits as an individual of advanced age, Doc. 12-1 at 33. The ALJ made little reference to this fact, stating only that "[t]he claimant was born on September 22, 1962, and was 52 years old, which is

---

³ While "[t]he Sixth, Ninth, and Eleventh Circuits hold that an ALJ is not required to explain in his written decision whether he considered the borderline age situation, … the Third, Eighth, and Tenth Circuits have taken the opposite view, holding that the ALJ is required to explain in his written decision whether he considered the borderline age situation." Jackson, 240 F. Supp. 3d at 601 (collecting cases).

defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963)," and provided no explanation or discussion of the borderline age issue.  Doc. 12-1 at 33.  Moreover, Defendant concedes that a borderline age situation existed and that the ALJ's use of the higher age category would have resulted in a decision that Plaintiff is disabled.  Doc. 17 at 15-16; *see Barbara H. v. Berryhill*, No. 3:18-CV-147-C-BN, 2019 WL 652985, at *3 (N.D. Tex. Jan. 30, 2019) (Horan, M.J.), *adopted by*, 2019 WL 652843 (N.D. Tex. Feb. 15, 2019) (Cummings, J.) (finding error where the "Commissioner concede[d] that a borderline age situation existed and that using a higher age category would have resulted in a decision that Plaintiff was disabled").

On this record, Defendant's arguments that the ALJ's error was harmless because he accurately described Plaintiff's limitations to the VE and that the ALJ relied on the VE's testimony to establish the availability of jobs given Plaintiff's limitations are wholly unsupported and unpersuasive.  Contrary to Defendant's assertions, none of the evidence of record, including the exchange between the ALJ and the VE, explains how Plaintiff's education, work history, and RFC justified not using the higher age category.  *Barbara H.*, 2019 WL 652985, at *3; Doc. 12-1 at 57-62.  There also is nothing in the ALJ's opinion that indicates even the consideration of whether Plaintiff should be evaluated under the higher age category.  *See* Doc. 12-1 at 33-34; Doc. 12-1 at 57-62.  Likewise, the Appeals Council's conclusory statement of the issue in its letter denying review offers no insight.  *See* Doc. 1201 at 11 ("We considered the borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category.").

At bottom, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.

6

2000). Consequently, the Court "is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery*, 332 U.S. 194, 196-97 (1947). Because there is nothing in the record of this case to indicate that the ALJ or the Appeals Council actually considered the application of the higher age category as required, remand is appropriate.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that *Plaintiff's construed Motion for Summary Judgment*, Doc. 15, be **GRANTED**, *Defendant's Motion for Summary Judgment*, Doc. 16, be **DENIED,** and the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

**SO RECOMMENDED** on November 15, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).